IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEISHON JAVONTAE THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 24-cv-871-LKG |
| v. ) | |
| ) | Dated: January 13, 2026 |
| DIRECTOR B. FOSTER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

Keishon Javontae Thompson, who is currently incarcerated at Patuxent Institution, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against Director of Charles County Detention Center B. Foster, alleging that the outdoor recreation policy violated his constitutional rights. ECF No. 11. In response, Foster moved to dismiss the amended complaint or, in the alternative, for summary judgment. ECF No. 26. Thompson opposes the Motion; Foster replied. ECF Nos. 31, 32. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, Foster's motion, treated as a motion for summary judgment, is granted.

**I.    Background**

Thompson was detained at the Charles County Detention Center ("CCDC") from December 10, 2020, through August 11, 2023. ECF No. 11 at 2. He was a pretrial detainee until his conviction on March 24, 2023. ECF No. 26-1 at 1; *See Maryland v. Thompson*, Case No. C-08-CR-21-000034 (Charles Cnty. Cir. Ct.), https://casesearch.courts.state.md.us/casesearch/ (last visited Jan. 13, 2026). Thompson states that Director Foster authored and enforces CCDC's Inmate Handbook which contains an "incentive-based policy and procedure for outside recreation." ECF No. 11 at 2. The policy does not generally permit all inmates to participate in outdoor recreation and instead offers it to a single unit based on the top scores on the weekly sanitation inspection sheet. *Id.* Thompson complains that because he was in a unit that never had the highest score, he was never given outdoor recreation. *Id.* Thompson filed a grievance on June 30, 2023, asserting the unconstitutionality of the policy. *Id.* at 3; ECF No. 11-1. He received a response from the "Committee" on July 6, 2023, explaining that the policy is to

incentivize good behavior and sanitation, and no changes would be made. ECF No. 11 at 3. Thompson asserts that two and a half years without any access to direct sunlight is cruel and unusual punishment which has caused him a Vitamin D deficiency that requires him to take supplements. *Id.* Thompson seeks monetary damages. *Id.* at 4.

Foster was the Director of CCDC until July 2023. ECF 26-2 at ¶ 1. He attests that during his tenure, inmates were permitted daily indoor recreation between 5:30 a.m. and 10 p.m. in their unit. *Id.* at ¶ 3. Each inmate cell also has a window which allows in sunlight. *Id.* Each unit was allowed access to the gym twice a week for one hour. *Id.* at ¶ 4. When an outdoor recreation space was created, it was smaller than the indoor gym space, which could hold a full basketball court. *Id.* at ¶ 4-5. Foster avers that daily access to the outdoor space was not possible due to staffing shortages. Inmates were only able to use it when weather and staffing permitted. *Id.* at ¶ 6. Later, because of the limited space, a rewards-based system was instituted that awarded use to a whole unit based on a scoring system that evaluated the sanitation of each unit. *Id.* Foster does not remember if CCDC kept a record of the winning units but avers that the winning unit sometimes rejected use of the outdoor recreation area because the indoor space was larger. *Id.* at ¶ 7.

## II.     Standard of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim…However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Foster's Motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. ECF No. 25. Motions styled in this manner implicate the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436–37 (D. Md. 2011). Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*,

149 F.3d 253, 260–61 (4th Cir. 1998). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the Court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the Court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261. Because Foster's Motion is styled as a motion to dismiss, or in the alternative, for summary judgment, Thompson was on notice that the Court could treat it as one for summary judgment and rule on that basis.

Fed. R. Civ. P. 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Henry v. Purnell*, 652 F.3d 524, 548 (4th Cir. 2011)). Accordingly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original).

A court must view the evidence in the light most favorable to Thompson, *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam), and draw all reasonable inferences in his favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 568–69 (4th Cir. 2015). At the same time, the Court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). The Court is mindful that Thompson is a self-represented litigant. A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). A court cannot assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).

### III. Discussion

Because Thompson was both a pretrial detainee and a convicted prisoner during the relevant period, his claim must be analyzed under both the Eighth and Fourteenth Amendment. Conditions that "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment in violation of the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). An Eighth Amendment violation requires both objective and subjective components. *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). The inmate must suffer an injury sufficiently serious that contemporary standards of decency have been violated. *See id.* "Since 'routine discomfort' is part of prison life," in order to demonstrate the objective component of a conditions-of-confinement claim, prisoners must demonstrate 'extreme' deprivations." *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992)). Thus, while conditions that "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment, conditions that are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes*, 452 U.S. at 347. As for the subjective component, the Eighth Amendment requires a "sufficiently culpable state of mind" on the part of prison officials, *Williams*, 77 F.3d at 761, such as a "deliberate indifference" to the health and safety of inmates, *Farmer v. Brennan*, 511 U.S. 825, 828–29 (1994).

The protections afforded convicted prisoners under the Eighth Amendment extend to pretrial detainees through the Due Process Clause of the Fourteenth Amendment because due process proscribes punishment of a detainee before a proper adjudication of guilt. *See Bell v. Wolfish*, 441 U.S. 520, 545 (1979). "[N]ot every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (citing *Bell*, 441 U.S. at 538–40). To state a § 1983 claim based on unconstitutional conditions of confinement, a pretrial detainee must allege "that the condition or restriction was imposed with an express intent to punish or was not reasonably related to a legitimate nonpunitive government objective." *Timms v. U. S. Att'y Gen.*, 93 F.4th 187, 191 n.8 (4th Cir. 2024) (citing *Matherly v. Andrews*, 859 F.3d 264, 275 (4th Cir. 2017)); *see also Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023) (noting plaintiff can state a claim based on a "governmental action" that "is not 'rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose'"). Simply put, "it is sufficient that the

plaintiff show that the defendant's action or inaction was ... objectively unreasonable.'" *Short*, 87 F.4th at 611 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)).

Foster argues that the Amended Complaint should be dismissed because there is no constitutional guarantee of outdoor recreation to detainees, regardless of their status. ECF No. 26-1 at 4. Additionally, he contends that 16 hours of daily indoor recreation and weekly access to a gym satisfies constitutional requirements. *Id.* at 6. Moreover, Foster asserts that he was unaware that Thompson had a vitamin D deficiency and could not have known because he does not have access to Thompson's medical records, nor does Foster participate in the inmate grievance system. ECF No. 26-2 at ¶ 8-9.

"There is no bright-line rule on when the denial of outdoor recreation becomes unconstitutional." *Townsend v. Moyer*, No. CV TDC-17-3385, 2019 WL 367637, at *4 (D. Md. Jan. 29, 2019) (citing *Thomas v. Ponder*, 611 F.3d 1144, 1151 (9th Cir. 2010)("A prohibition on outdoor exercise of six weeks is a 'sufficiently serious' deprivation to support an Eighth Amendment claim.") in comparison with *Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001) (holding that "a denial of yard privileges for no more than 90 days at a stretch is not cruel and unusual punishment")). Regardless of whether these conditions constitute a severe deprivation, nothing in the record suggests that Foster had actual knowledge that Thompson had or was specifically at risk of a vitamin D deficiency. As the Fourth Circuit has explained, "[t]he prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.'" *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (quoting *Farmer*, 511 U.S. at 837). As Foster avers to the existence of a window in each cell providing sunlight, Thompson cannot establish that Foster actually drew even a general inference that detainees could be at risk. As there is no evidence showing that Foster had the requisite knowledge to show deliberate indifference on his part, Thompson's Eighth Amendment claim fails.

As for the lengthier time in which Thompson was a pretrial detainee at CCDC, Thompson does not assert that the contested policy was instituted for the purpose of punishment, nor does the record support such a finding, and therefore the Court turns to whether the policy is rationally related to a legitimate nonpunitive governmental purpose. Foster argues that there is no right to outdoor recreation and indoor recreation satisfies the constitutional requirements. ECF No. 26-1 at 5-6.

Jails such as CCDC, "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment[s] are needed to preserve internal order and discipline and to maintain institutional security." *Bell*, 441 U.S. at 547. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Id.* at 540. Foster avers that access to the outdoor space was limited due to staffing shortages, which relates to maintaining jail security. Because space and staffing were limited, Foster implemented the incentive-based program to limit the number of inmates going outside for recreation. It was not for the purpose of punishment but to address staffing shortages and encourage maintaining sanitary conditions throughout CCDC. Although Thompson's unit was not successful in obtaining outdoor privileges, he still had 16 hours of indoor recreation daily and twice a week was afforded time in the indoor gym with his unit. Moreover, Thompson has not provided any evidence contesting Foster's assertion that all cells had windows allowing in sunlight. Thompson cannot establish that Foster's policy was objectively unreasonable and therefore Foster is entitled to summary judgment on the Fourteenth Amendment claim.

## IV.  Conclusion

Foster's motion to dismiss or, alternatively, for summary judgment, treated as a motion for summary judgment, is granted.

A separate Order follows.

1-13-2026
Date

LYDIA KAY GRIGGSBY
United States District Judge